**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ADEKUNLE C. OMOYOSI,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil Case No. SAG-20-3321** |
| | * | |
| **CENTERS FOR MEDICARE &** | * | |
| **MEDICAID SERVICES,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

*************

**MEMORANDUM OPINION**

Plaintiff, Dr. Adekunle C. Omoyosi ("Dr. Omoyosi"), who appears *pro se*, filed this case against the Centers for Medicare and Medicaid Services ("CMS"), alleging that CMS's hiring practices discriminated against him on the basis of his race, color, sex, and national origin. ECF 1. Two motions are currently pending before the Court: CMS's Motion to Dismiss, ECF 26, and Dr. Omoyosi's Motion for Preliminary Injunction, ECF 25. I have considered both motions and the parties' related filings. ECF 27, 29. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, CMS's Motion to Dismiss will be granted, and Dr. Omoyosi's Motion for Preliminary Injunction will be denied.

I.     **BACKGROUND**

The Complaint includes the following substantive allegations:

> On or about 2018-03-14, the applicant submitted a five (5) page resume for the Centers for Medicare and Medicaid (CMS) announcement "HHS-CMS-ES-2018-10155386," through the usajobs.gov website. On or about 2018-05-18, CMS reported a resume length of nine (9) pages. The increased resume length canceled eligibility for job consideration. The CMS seemingly neutral policy reveals disparate impact and strongly suggests a pattern of hiring discrimination (i.e. *Griggs v. Duke Power Co.*, *Hazelwood School District v. U.S.*, *Watson v. Fort Worth Bank & Trust*). The event is continuous on protected groups, based on the warning of a five (5) page maximum on current job announcements posted on "usajobs.gov" by CMS."

ECF 1 at 5.  The remedy Dr. Omoyosi seeks in his complaint is "$378,000 compensatory and 10 years of applicant data for Senior Executive Service (SES) positions on resume lengths vs. protected class status."  ECF 1 at 6.

However, in his motion for injunction, Dr. Omoyosi seeks an injunction that would: "(1) prohibit CMS usajobs.gov announcements using 'USAJOBS RESUME TEMPLATE MAY RESULT IN A RESUME BEING LONGER THAN FIVE PAGES' and 'resumes that exceed the five-page limit will not be considered;' (2) mandate CMS usajobs.gov announcements use 'your resume must not exceed ten (10) pages or 32,000 characters, we may not review the resume beyond those limits' if using the template or submit directly through email with the same or further clarification; (3) significant increases of the enforcement of current civil rights laws at CMS; and (4) all other equitable remedies."  ECF 25.

## II.     STANDARD OF REVIEW

 CMS has filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF 26.  A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss.  *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw

all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours &
Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute
Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

## III.   ANALYSIS

Federal employees or job applicants must exhaust their administrative remedies before
filing a Title VII claim in federal court. *See Pueschel v. United States*, 369 F. 3d 345, 353 (4th
Cir. 2004).  Initially, an employee or applicant "must initiate contact with a[n agency EEO]
Counselor within 45 days of the date of the matter alleged to be discriminatory."  29 C.F.R.  §
1614.105(a)(1).  Next, the employee or applicant must file a timely charge with the EEOC or, here,
CMS's EEO office.  *See* 29 C.F.R. §§ 1614.105(d), 1614.106(b); *see also Smith v. First Union
Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).

Dr. Omoyosi bears the burden to prove that he timely took the required steps to exhaust his
administrative remedies.  *See United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th
Cir. 1979); *Davis v. North Carolina Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995).  Here,
his Complaint fails to allege that he ever filed a charge at all.  It does allege "2019-10-02 to 2019-
12-20 CMS EEOC Counseling, 2019-12-20 to 2020-06-19 CMS EEOC Investigation."  ECF 1 at
5.  Even construing his pleadings liberally, as is necessary due to Dr. Omoyosi's *pro se* status,
*Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006), the Court cannot ascertain, from that
somewhat cryptic notation, whether a charge or complaint was filed, when it was filed, or what it
may have indicated.  Because Dr. Omoyosi alleges that he applied for the CMS position in the
spring of 2018, and the first contact he alleges with the EEOC counselor is not until October, 2019,
it appears that he may not have made contact with the counselor within the required 45-day period,
and it is unclear whether he filed a written charge at any point.  Dr. Omoyosi specifically alleges
that he has not received a right to sue notice from the EEOC.  *Id.*  That could indicate that either

3

the EEOC's ongoing investigation has not concluded, or that Dr. Omoyosi never filed an actionable charge.

Because the Court is unable to ascertain, from the Complaint as pled, whether Dr. Omoyosi has exhausted his administrative remedies as required, his Complaint will be dismissed without prejudice. Dr. Omoyosi will be afforded thirty days to file an Amended Complaint, preferably attaching any written charge or complaint he filed with the EEOC and any relevant correspondence with or from the agency. Essentially, the Amended Complaint must contain allegations which, taken as true, would permit this Court to conclude that Dr. Omoyosi timely filed a charge and appropriately exhausted his administrative remedies with respect to CMS's failure to hire him for the position for which he applied.

Because the Complaint is subject to dismissal for the reasons outlined above, Dr. Omoyosi cannot establish that he is entitled to preliminary injunctive relief. Initially, since preliminary injunctions are intended to preserve the status quo and prevent irreparable harm during the pendency of litigation, injunctions like the one Dr. Omoyosi seeks, which "alter rather than preserve the status quo," are disfavored. *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land*, 915 F.3d 197, 216 n.8 (4th Cir. 2019). A preliminary injunction is only warranted when the movant demonstrates each one of four factors: (1) that the movant is likely to succeed on the merits, (2) that the movant will face irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors preliminary relief, and (4) that injunctive relief is in the public interest. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224 (4th Cir. 2014). Here, because Dr. Omoyosi's complaint is subject to dismissal for the reasons elucidated above, this Court's inquiry ends at the first prong: he cannot establish a likelihood of success on the merits, and his injunction must be denied.

**IV.    CONCLUSION**

For the foregoing reasons, CMS's Motion to Dismiss, ECF 26, is GRANTED, and the Complaint is dismissed without prejudice.  Dr. Omoyosi will be allowed thirty days to file an amended complaint that alleges appropriate exhaustion of his administrative remedies as described herein.  If no such amended complaint is filed, the case will be closed.  Dr. Omoyosi's Motion for Preliminary Injunction, ECF 25, is DENIED.  A separate order follows.


Dated:  February 8, 2021                         _____/s/_____
                                                 Stephanie A. Gallagher
                                                 United States District Judge